DREW, J.
 

 |2On March 4, 2010, Bobby Williams purchased a car owned by Joe Pike, owner of Justice Wrecker, for $3000. The car had been located at Sherman Henderson’s auto repair business. Henderson actually negotiated the sale, received the money, and gave Williams two receipts.
 

 Williams drove the car to his daughter, a student in Memphis, Tennessee. Three days after the sale, the vehicle began to emit smoke and fire from under the hood. Williams extinguished the blaze and contacted Henderson via telephone and text messages to inform him of the events. The next day, March 8, 2010, Williams’ daughter had the vehicle towed at her expense to her apartment parking lot, from which it was stolen about a month later.
 

 Williams sued Pike on March 11, 2010, one week after the sale. He sued Henderson by separate petition on March 19, 2010. The trial court consolidated the actions and trial was held May 25, 2010.
 

 The trial court ruled that since Williams could not return the vehicle, his relief was limited to a reduction in the purchase price. The car clearly had vices and defects at the time of the sale and caught on fire within 72 hours of the sale. One of the defendants testified the salvage value of the vehicle was $500. The purchase price was $3,000. The trial court awarded the plaintiff a $2,000 reduction in the purchase price. The trial court stated that had Williams returned the vehicle to the seller, it would have awarded him the entire $3,000 purchase price. Costs in the first suit were assessed against Pike; costs in the other suit were assessed against Henderson. After denial of their motion for new trial, defendants filed a Motion and Order for Suspensive Appeal on June 14, 2010.
 

 We affirm in all respects.
 

 The defendants argue that:
 

 They should have been afforded an opportunity to fix the car. Because Williams did not do so, he should not be entitled to recover.
 

 Since neither defendant is a car dealer, the basic law of redhibition applies. Defendants rely upon La. C.C. art. 2522.
 
 [1]
 

 ^Williams responds that formal notice is not required when a seller has actual
 
 *527
 
 knowledge of the existence of a redhibitory defect in the thing sold.
 

 Defendants acknowledge that Williams gave immediate notice of the defect to Henderson, but argue that he failed to provide the location of the car, thus denying them the opportunity to make repairs.
 

 Pike, the owner of Justice Wrecker Service, obtained a permit to sell the car issued by the state. That permit shows Justice Wrecker to be the owner, not Henderson. The car was displayed for sale at Henderson’s business and Henderson facilitated the sale, though he argues his lack of ownership and Williams’ failure to enter appropriate pleadings against him should protect him from a judgment grounded in redhibition.
 

 Finally, the defendants state that Williams did not prove the amount to which he was entitled as to a reduced price. The allege that this “small fire” should not have entitled Williams to a $2,000 reduction in the price.
 

 Williams responds that the judgment should be affirmed because the car purchased from Pike did not serve the purpose for which it was intended. Plaintiff provided notice to both defendants because Henderson was acting as agent for Pike. Assuming,
 
 arguendo,
 
 that there was lack of notice, this defect could only prevent Williams from rescinding the sale and recovering the full purchase price.
 

 Henderson’s agency relationship properly puts him in court as a defendant. Henderson negotiated and completed the sale to Williams and did not make abundantly clear to Williams that Henderson was acting for Pike. Williams testified at the time of purchase he was unaware of Pike, while Henderson testified he mentioned Pike to Williams at the time of sale. In Williams’ view, he had a cause of action against Henderson for breach of the implied warranty of the vehicle, since Henderson held himself out as owner of the car and did not disclose to Williams this mandate relationship with Pike.
 

 Factors in calculating the reduction in purchase price include loss of use of the car, inconvenience caused by the seller’s failure to correct the defect, and amount of payments made. Here, Williams paid $3,000 for a car | ¿which he used only three days. His daughter had to pay to have the car towed and had to travel to Louisiana for the trial. The $2,000 award was appropriate and within the trial court’s great discretion. We cannot improve upon the trial court’s decision here.
 

 Accordingly, we affirm the ruling of the trial court, including its assessment of costs against the defendants.
 

 DECREE
 

 At the defendants’ cost, the judgment is AFFIRMED.
 

 [1]
 

 . La. C.C. art. 2522. The buyer must give the seller notice of the existence of a redhibitory defect in the thing sold. That notice must be sufficiently timely as to allow the seller the opportunity to make the required repairs. A buyer who fails to give that notice suffers
 
 *527
 
 diminution of the warranty to the extent the seller can show that the defect could have been repaired or that the repairs would have been less burdensome, had he received timely notice.